WELLINGTON FUND, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 112046. Promulgated October 11, 1944.

*Lewis M. Stevens, Esq.*, for the petitioner.
*William D. Harris, Esq.*, for the respondent.

188

OPINION.

Leech, *Judge*: The purpose of those provisions, it is clear, was to extend relief to genuine mutual investment companies which diversified widely their security investments and thus did not occupy the status of holding companies, but merely permitted their shareholders to obtain the benefit of such diversified holding even with a small investment.[1] The defining and limiting provisions are all framed to eliminate companies which are not strictly of that character. They must be organized and operated for that purpose and may not hold more than 10 percent of the stock or securities of any one corporation. Substantially all of their business must be of an investment and reinvestment character. They are required to distribute their earnings currently and their shareholders must be permitted to withdraw their investments. Respondent does not contend that petitioner is not a company of this character. He argues only that because of a single, isolated transaction originating in the first taxable period and culminating in the second, and which was not of the usual and customary character of petitioner's investment operations, it has, for those periods, forfeited its rights to the benefits extended by those provisions.

Thus respondent first contends that the note for $75,000 of Pantepec to petitioner, maturing in 12 months, was a "security" within the purview of section 361 (b) (2) of the Revenue Act of 1938 and the Internal Revenue Code.[2] Upon this premise it is argued that, since

---

[1] See Hearings Senate Finance Committee (1936 Act), pp. 776–789.

[2] SEC. 361. DEFINITION.

\* \* \* \* \* \* \*

(b) LIMITATIONS.—Despite the provisions of paragraph (1) a corporation shall not be considered as a mutual investment company if at any time during the taxable year—

\* \* \* \* \* \* \*

(2) It owned more than 10 per centum of the outstanding stock or securities, or both, of any one corporation.

Pantepec had no outstanding bonds or funded debt, petitioner owned $75,000, more than 10 percent, of the total of $175,000 in outstanding securities in Pantepec. Consequently, it is then said, petitioner is barred by the limitation of the quoted statutory provision from the advantages of being taxed under section 362 (a) and (b) of the Revenue Act of 1938 and the Internal Revenue Code, as a mutual investment company.

Respondent contends that the transaction must be treated as a purchase by petitioner for $75,000 of a note in that amount, together with 2,143 shares of Pantepec stock; that on such purchase petitioner received a rebate of $1,700, leaving a net cost to it of $73,300 for its "investment"; that this cost is to be prorated between the note and the stock received; and that, on the cost basis so allocated to each, petitioner's profit on the payment of the note by the borrower and the sale of the stock by petitioner is to be separately computed.

The pertinent statutory provisions do not include any definition of the term "securities." We see no reason to assume, therefore, that such term was used with any other than its ordinary meaning.

The question of the meaning of the term "securities," as used in various revenue statutes, has been considered by the courts in a number of cases. The rule appears to be settled that, where such an act does not define the term, it denotes an obligation of a character giving the creditor some assured participation in the business of the debtor, or, in other words, an investment in the business, and that the term does not include evidences of indebtedness for short term loans representing temporary advances for current corporate needs. *Pinellas Ice & Cold Storage Co.* v. *Commissioner*, 287 U. S. 462; *Cortland Specialty Co.* v. *Commissioner*, 60 Fed. (2d) 937; certiorari denied, 288 U. S. 599; *L. & E. Stirn, Inc.* v. *Commissioner*, 107 Fed. (2d) 390; *Commissioner* v. *Sisto Financial Corporation*, 139 Fed. (2d) 253.

In our recent decision in *Neville Coke & Chemical Co.*, 3 T. C. 113, we held that a creditor holding three, four, and five-year notes of a corporation, evidencing advances made to meet current liabilities, was not, because of that fact, a holder of securities of the corporation, since such notes could not be considered investments in the business and thus did not constitute securities within the purview of section 112 (b) (3) of the Revenue Act of 1936.

Here the note in question matured in only 12 months. It was unsecured. The funds were obtained by the borrower to meet a temporary need for cash to meet current expenses. There is not the slightest indication that the contract contemplated an investment by petitioner in the borrowing corporation. It was purely a short term loan, and it was treated by both the borrower and the lender as such, being recorded by the former as a current liability and by the latter

as a current asset. As a loan to be repaid in 12 months, this appears to be strictly in accord with accepted accounting practices.

We hold that the note received by petitioner, evidencing its 12-month loan of $75,000 to Pantepec, was not a security within the purview of section 361 (b) (2), *supra.* It follows that petitioner has not, under that section, forfeited its rights here as a mutual investment company.

We do not agree, moreover, with respondent's contention that the contested transaction constituted a purchase by petitioner for $75,000 of a note in that amount together with certain stock of Pantepec and the receipt of a rebate of $1,700 on the purchase price. We think that both the stock received by petitioner and the share of the commission of the loan broker were consideration paid to petitioner for making this loan to Pantepec. As such consideration, they constituted income to petitioner when received and its action in so reporting them was correct. *Fifth Avenue Bank of New York,* 31 B. T. A. 945; affd., 84 Fed. (2d) 787; *Lloyd-Smith* v. *Commissioner,* 116 Fed. (2d) 642; *Marshall Field, Glore, Ward & Co.,* 16 B. T. A. 1299.

It is respondent's second contention that if the note for $75,000 received by petitioner in its transaction with Pantepec be held not to be a security for present purposes, it is then not an investment in stock or securities by petitioner. It is then argued that petitioner is barred from being taxed as a mutual investment company, since it fails to meet the requirements of section 361 (a) (1)[3] that "*substantially all of its business* consists of, holding, investing, or reinvesting in stock or securities." (Italics supplied.) It is urged that in determining whether "substantially all * * * [petitioner's] business" consisted of the approved activities, it is only necessary to ascertain whether the precluded activities—the loan of petitioner to Pantepec—involved a "substantial amount." We do not agree. The wording of the provision is not ambiguous and, we think, concludes respondent in that argument. The amount of the Pantepec loan is not the controlling factor. It is the percentage or proportion of all of petitioner's business, including that loan, reflected by its investments. The words "substantially all" make that clear. They have been so construed. *Britt* v. *Commissioner,* 114 Fed. (2d) 10; *Schuh Trading Co.* v. *Commissioner,* 95 Fed. (2d) 404; *American Foundation Co.* v. *United States,* 120 Fed. (2d) 807; *Cortland Specialty Co.* v. *Commissioner, supra; Daily Telegram Co.,* 34 B. T. A. 101.

The evidence shows that in the two periods in question petitioner's security investment business constituted more than 98 percent of its

---

[3] SEC. 361. DEFINITION.

(a) IN GENERAL.—For the purposes of this title the term "mutual investment company" means any domestic corporation (whether chartered or created as an investment trust, or otherwise), other than a personal holding company as defined in Title IA, if—

(1) It is organized for the purpose of, and substantially all its business consists of, holding, investing, or reinvesting in stock or securities.

total business. This, in our opinion, is "substantially all" within the meaning of section 361 (a), *supra*.

Respondent does not contend that the petitioner has not complied with any of the other provisions and conditions of section 361 (a) and (b), *supra*. It follows that petitioner was a mutual investment company, within the purview of that section, throughout the taxable periods and, as such, is entitled to the advantage of being taxed under section 362 (a) and (b), *supra*.

*Decision will be entered under Rule 50.*